UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KIRBY LAND COMPANY, INC.,** <br><br> **Plaintiff,** <br><br> V. <br><br> **KOMATSU FINANCIAL LIMITED PARTNERSHIP,** <br><br> **Defendant.** | Case No. 20-cv-1681 |

## COMPLAINT FOR BREACH OF CONTRACT AND OTHER RELIEF

Plaintiff, Kirby Land Company, Inc., by counsel, and for its Complaint for Breach of Contract and other Relief, respectfully states as follows:

**I.    THE PARTIES, JURISDICTION AND VENUE**

**A.    The Parties**

1.    Plaintiff Kirby Land Company, Inc. ("Kirby") is a for-profit corporation, organized and existing under the laws of the State of West Virginia with its principal place of business located at 216 Lake Drive, Daniels, West Virginia 25832.

2.    Defendant Komatsu Financial Limited Partnership ("Komatsu") is a limited partnership incorporated and organized under the laws of the State of Delaware with its principal place of business located at 1701 Golden Road, Rolling Meadows, Illinois 60008. Komatsu's agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**B.    Jurisdiction And Venue**

3.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Illinois, and in that at all relevant times Defendant transacted business in Illinois, and specifically that it entered into the oral agreement that forms the basis of this Complaint in Illinois.

## II. FACTUAL BACKGROUND

### A. The Loan Agreements.

5. On April 8, 2016, Komatsu made a loan to Kirby in the original principal amount of $8,150,000.00, and subsequently increased the loan amount to $10,000,000.00 (the "Loan").

6. In connection with the Loan, Kirby executed and delivered a Term Note, dated April 8, 2016, made payable by Kirby to Komatsu, as modified by the Term Note Modification Agreement, dated May 27, 2016 (collectively, the "Note").

7. To secure repayment of the Loan, Kirby executed and delivered for Komatsu's benefit a Credit Line Deed of Trust, Assignment, Security Agreement, Financing Statement, and Fixture Filing, also dated April 8, 2016, of record in the office of the Clerk of the County Commission of Wyoming County, West Virginia, in Trust Deed Book 278, at page 857, as modified by the First Amendment to Deed of Trust, Assignment, Security Agreement, Financing Statement, and Fixture Filing, dated September 8, 2017, of record in the aforesaid Clerk's office in Trust Deed Book 285, at page 508 (collectively, the "Deed of Trust"), covering certain real property described in the Deed of Trust that is owned by Kirby (the "Property").

8. Kirby admittedly defaulted in its payment obligations under the Note and certain of its obligations under the Deed of Trust.

9. On September 8, 2017, Kirby and Komatsu entered the Forbearance and

Modification Agreement (the "Forbearance Agreement"), pursuant to which Komatsu agreed to forbear from exercising certain of its remedies under the Note and the Deed of Trust in exchange for Kirby's performance of certain additional and/or modified obligations.

**B.  The West Virginia Lawsuit.**

10. On or about October 2, 2018, Komatsu filed suit against Kirby in the Federal District Court for the Southern District of West Virginia, Case No. 5:18-cv-01336 (the "West Virginia case").

11. In that litigation, Komatsu raised claims for breach of contract and specific performance, alleging that Kirby remained in default of its obligations under the Note, the Deed of Trust, and the Forbearance Agreement.

12. Komatsu subsequently filed a Motion for Partial Summary Judgment on its breach of contract claim, seeking more than $10 million owed by Kirby under the Note, Deed of Trust, and Forbearance Agreement.

13. Although Kirby originally disputed the calculation of late fees, Komatsu conceded to Kirby's calculation, effectively eliminating Kirby's sole argument in opposition to Komatsu's Motion for Partial Summary Judgment.

14. On or about September 16, 2019, the District Court granted Komatsu's Motion for Partial Summary Judgment as to Count I (breach of contract).

15. On December 11, 2019, the District Court granted Komatsu's request for an award of attorneys' fees.

16. In March 2020, Komatsu began its post-judgment collection efforts by filing applications for a Writ of Execution and for Writs of Suggestion.

3

17. On or about February 13, 2020, Komatsu, through its Successor Trustee, provided written notice to Kirby that the Property secured by the Deed of Trust would be sold at a public auction on March 10, 2020.

### C. The Oral Settlement Agreement.

18. On or about June 10, 2019 – during the pendency of the West Virginia case, and prior to the award of Partial Summary Judgment in Komatsu's favor – the parties met in person at Komatsu's headquarters near Chicago in an effort to resolve the pending litigation.

19. On behalf of Kirby, Steve Ball, Vice President and General Counsel of Kirby, and James C. Justice, III, President of Kirby, attended; and on behalf of Komatsu, Tim Tripas, Vice-President and GM, CE Division of Komatsu America Corp., and Richard Fikis, President of Komatsu, attended.

20. At that meeting, the parties orally agreed to resolve Komatsu's claims in the West Virginia case upon the following terms: (a) Kirby would make $1.0 million payments to Komatsu on July 1, 2019, and August 1, 2019; (b) Kirby would surrender the Property immediately to assist with marketing; (c) Komatsu would market the Property, and Kirby would have a right of first refusal; (d) any net proceeds on the sale of the Property in excess of $8.0 million would be split 50/50 between Kirby and Komatsu; and (e) in the event that a Judgment was entered in Komatsu's favor, Komatsu would hold off/forbear on the Judgment during the pendency/satisfaction of the terms of this oral agreement.

21. The parties also discussed continuing and/or extending certain business relationships between and among their respective related entities. Specifically, the parties agreed in principle that once Komatsu was made whole on the original transaction, Komatsu would

4

agree to finance equipment (underground and surface), subject to standard credit approval and that the parties would enter into a "preferred partnership" relating to certain operations.

22. Despite orally agreeing to these terms, Komatsu subsequently failed and refused to acknowledge or abide by them, to Kirby's detriment.

## COUNT I

### (Breach Of Contract)

23. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. The parties entered into an oral settlement agreement resolving the pending claims in the West Virginia case on or about June 10, 2019.

25. Pursuant to the terms of that agreement, the parties agreed to certain respective duties and obligations. Specifically, they agreed that: (a) Kirby would make $1.0 million payments to Komatsu on July 1, 2019, and August 1, 2019; (b) Kirby would surrender the Property immediately to assist with marketing; (c) Komatsu would market the Property, and Kirby would have a right of first refusal; (d) any net proceeds on the sale of the Property in excess of $8.0 million would be split 50/50 between Kirby and Komatsu; and (e) in the event that a Judgment was entered in Komatsu's favor, Komatsu would hold off/forbear on the Judgment during the pendency/satisfaction of the terms of this oral agreement.

26. Contrary to the terms of this agreement, Komatsu has proceeded to collect on the Judgment it obtained in the West Virginia action, including but not limited to the imminent sale of the Property at a public auction and its failure and refusal to provide Kirby with its bargained-for right of first refusal.

27. By failing and refusing to comply with its obligations under the oral settlement agreement, Komatsu has breached the oral settlement agreement.

28. The Property was appraised at the end of 2015 in excess of $38 million, and any sale of the Property for less than its fair market value will cause significant damage to Kirby.

29. Kirby is therefore entitled to recover compensatory damages from Komatsu arising from its breach of the oral settlement agreement, the exact amount of which will be determined at trial in an amount in excess of the minimum jurisdictional limits of this Court.

## COUNT II

### (Breach Of Implied Covenant Of Good Faith, Honesty And Fair Dealing)

30. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. At all times relevant herein, and since at least June 20, 2019, when the parties entered into the oral settlement agreement, there was imposed upon Komatsu an implied covenant of good faith, honesty and fair dealing in favor of Kirby.

32. Komatsu breached this implied covenant of good faith, honesty and fair dealing by wrongfully failing and/or refusing to acknowledge and abide by the terms of the oral settlement agreement reached between Kirby and Komatsu.

33. As a direct and proximate result of Komatsu's breach of the implied covenant of good faith, honesty and fair dealing, Kirby has suffered and will continue to suffer financial losses in the form of proceeds from the sale of the Property, and Komatsu has wrongfully benefited.

34. Kirby is therefore entitled to recover compensatory damages from Komatsu arising from its breach of the implied covenant of good faith, honesty and fair dealing, the exact amount of which will be determined at trial in an amount in excess of the minimum jurisdictional limits of this Court.

## COUNT III

### (Specific Performance)

35. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. The parties entered into an oral settlement agreement resolving Komatsu's claims in the West Virginia case on or about June 10, 2019.

37. In exchange for certain payments and promises from Kirby, Komatsu agreed, among other things, to jointly market the Property with Kirby, to grant Kirby a right of first refusal on the sale of the Property, to evenly split the net proceeds with Kirby that exceeded $8 million on any sale of the Property, and to forbear from any collection or execution efforts during the pendency of the settlement agreement.

38. Contrary to its agreement, Komatsu has made efforts to execute on the Judgment from the West Virginia action, has not provided Kirby with a right of first refusal, and is planning to wrongfully sell the Property at public auction on March 10, 2020.

39. Because of the uniqueness of the real property involved and the significant damages that Kirby will incur as a result of Komatsu's refusal to abide by the terms of the settlement agreement, Kirby is entitled to an Order for specific performance compelling Komatsu to perform all of its obligations under the parties' oral settlement agreement.

WHEREFORE, Plaintiff respectfully requests Judgment on its Complaint herein as follows:

A. A Judgment on Count I for compensatory damages in favor of Kirby and against Komatsu for breach of contract;

B. A Judgment on Count II for compensatory damages in favor of Kirby and against Komatsu for breach of the implied duty of good faith, honesty and fair dealing;

C. On Count III, an Order requiring Komatsu to abide by the terms of and perform all obligations required by the oral settlement agreement between the parties;

D. A reasonable attorney's fee;

E. Trial by jury on all Counts so triable; and

F. Such further relief as Plaintiff appears entitled, in addition to the costs and disbursements of this action.

Respectfully submitted,

/s/Louis D. Bernstein
LOUIS D. BERNSTEIN (ARDC #6192379)
BERNSTEIN LAW FIRM, LLC
350 North Clark Street, Suite 400
Chicago, Illinois 60654
Telephone: (312) 645-6090
Facsimile: (866) 929-7392
lbernstein@bernsteinlawchicago.com

COUNSEL FOR PLAINTIFF
KIRBY LAND COMPANY, INC.

mwepld0818