IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIRBY LAND COMPANY, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 1:20-cv-01681 |
| | ) | |
| v. | ) | |
| | ) | Hon. Steven C. Seeger |
| KOMATSU FINANCIAL LIMITED PARTNERSHIP, | ) ) ) ) | |
| *Defendant*. | ) | |

**KOMATSU FINANCIAL LIMITED PARTNERSHIP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE OR, IN THE ALTERNATIVE, TRANSFER VENUE**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Komatsu Financial Limited Partnership ("Komatsu") moves to dismiss the Complaint ("Complaint") filed by Kirby Land Company, Inc. ("Kirby") in its entirety and with prejudice because the Complaint fails to state a claim under any of the three Counts included therein for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II) and specific performance (Count III).

As set forth in Komatsu's Memorandum of Law in support of this Motion, filed contemporaneously herewith, Kirby's Complaint should be dismissed for numerous reasons.

First, Kirby failed to allege the existence of a contract between Kirby and Komatsu because Kirby's allegations regarding any "oral agreement" are woefully incomplete and indefinite. As such, Kirby's entire Complaint warrants dismissal with prejudice.

Second, assuming *arguendo* that Kirby had alleged the existence of a valid contract, Kirby failed to (and cannot) allege its own performance under the purported oral agreement's terms.

Such additional incurable pleading defect also requires dismissal of Kirby's alleged causes of action with prejudice.

Third, the obligation of the implied covenant of good faith and fair dealing and specific performance both require the existence (and cannot change the terms) of an enforceable contract and are not independent causes of action.

Fourth, Kirby alleges that the purported oral agreement concerned the sale of real property located in West Virginia, and the statute of frauds bars Kirby from asserting any such claim.

Fifth, the United States District Court for the Southern District of West Virginia granted judgment for Komatsu and against Kirby months *after* Kirby contends that the parties entered into an "oral agreement" purportedly resolving Komatsu's claims against Kirby in that lawsuit. As such, all of Kirby's claims are barred under the doctrine of *res judicata*.

Sixth, even though the Complaint should be dismissed in its entirety for the above reasons, Kirby's Count III request for specific performance has been mooted by the sale of the West Virginia real property forming the basis of that count. In addition, Count III is duplicative of Kirby's barred Count I breach of contract count claim.

In the event this Court declines to dismiss Kirby's entire Complaint, however, Komatsu respectfully requests transfer of this action to the United States District Court for the Southern District of West Virginia under 28 U.S.C. § 1404(a) based upon the convenience of parties and witnesses and in the interest of justice.

As further explained in Komatsu's Memorandum of Law in support of this Motion, all of the factors used to evaluate Komatsu's transfer request fall in favor of transferring this lawsuit to the judicial district court that not only has jurisdiction over Kirby's purported claims and is significantly less congested than the Northern District of Illinois, but also is the judicial district

where the parties have litigated since October 2018, where Kirby resides, where Komatsu continues to enforce its judgment (which is the conduct of which Kirby complains and seeks relief from), and where the real property forming the basis of Kirby's claims is located.

WHEREFORE, for the foregoing reasons and the reasons set forth in the accompanying Memorandum of Law, Komatsu respectfully requests that the Court dismiss the Kirby's Complaint with prejudice under Rule 12(b)(6) for failure to state a claim or, in the alternative, transfer venue of this lawsuit to the Southern District of West Virginia pursuant to 28 U.S.C. § 1404(a).

Dated: <u>May 7, 2020</u>

Respectfully submitted,

KOMATSU FINANCIAL LIMITED PARTNERSHIP

By:   /s/ Arlene N. Gelman
      One of Its Attorneys

Arlene N. Gelman
Daniel P. Jackson
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
Tel: (312) 609 7500
agelman@vedderprice.com
djackson@vedderprice.com

and

William J. Hanna
(application to appear *pro hac vice* pending)
Flaherty Sensabaugh Bonasso PLLC
P.O. Box 3843
Charleston, West Virginia 25338-3843
Tel (304) 345-0299
whanna@flahertylegal.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she caused copies of the foregoing **MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE OR, IN THE ALTERNATIVE, TRANSFER VENUE** to be served upon:

Richard A. Getty
The Getty Law Group, PLLC
The Offices at City Center
100 West Main Street, Suite 200
Lexington, KY 40507
rgetty@gettylawgroup.com

Louis David Bernstein
The Bernstein Law Firm, LLC
350 N. Clark Street
Suite 400
Chicago, IL 60654
lbernstein@bernsteinlawchicago.com

via the Court's CM/ECF system and U.S. Mail on this 7th day of May, 2020.


/s/ Arlene N. Gelman