**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIRBY LAND COMPANY, INC., | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | No. 1:20-cv-01681 |
| | ) | |
| v. | ) | |
| | ) | Hon. Steven C. Seeger |
| KOMATSU FINANCIAL LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| | ) | |
| *Defendant.* | ) | |

**KOMATSU FINANCIAL LIMITED PARTNERSHIP'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT
OR, IN THE ALTERNATIVE, TRANSFER VENUE**

Arlene N. Gelman
Daniel P. Jackson
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
Tel: (312) 609 7500
agelman@vedderprice.com
djackson@vedderprice.com

and

William J. Hanna
(application to appear *pro hac vice* pending)
Flaherty Sensabaugh Bonasso PLLC
P.O. Box 3843
Charleston, West Virginia 25338-3843
Tel (304) 345-0299
whanna@flahertylegal.com

*Counsel for Komatsu Financial Limited Partnership*

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    THE ALLEGATIONS ......................................................................................... 2

III.   PROCEDURAL HISTORY AND ADDITIONAL FACT OF PUBLIC RECORD AND REFERENCED IN THE COMPLAINT ................................................. 4

IV.   LEGAL STANDARDS ...................................................................................... 5

     A.    Motion To Dismiss Standards .................................................................. 5

     B.    Motion To Transfer Venue Standards ...................................................... 5

     C.    District Court Can Take Judicial Notice of Attachments on Motion to Dismiss Without Converting Motion Into One for Summary Judgment .............. 6

V.    ARGUMENT ..................................................................................................... 7

     A.    The Kirby Complaint Should Be Dismissed With Prejudice In Its Entirety ......... 7

         1.    Kirby Fails to Allege the Existence of a Contract .................................... 7

         2.    Kirby Fails to Allege Performance under Purported Oral Settlement ............ 8

         3.    Neither Breach of Implied Covenant of Good Faith and Fair Dealing Nor Specific Performance Can Cure Kirby's Pleading Failures Nor Create a Stand-Alone Cause of Action .............................. 10

         4.    Statute of Frauds Bars Kirby's Alleged "Oral Agreement" ..................... 11

         5.    Any Purported "Oral Agreement" Is Barred by Res Judicata ................. 11

         6.    Count III Is Moot and Duplicative of Breach of Contract Claim ............ 12

     B.    In The Event This Court Declines To Dismiss Kirby's Complaint In Its Entirety, This Lawsuit Should Be Transferred To The WV District Court ........ 12

         1.    Venue Is Proper in the WV District Court .............................................. 13

         2.    Convenience Factors Favor Transferring Venue ..................................... 13

         3.    Interest of Justice Factors Favor Transferring Venue ............................. 14

VI.   CONCLUSION ................................................................................................ 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*188 LLC v. Trinity Indus., Inc.*,
   300 F.3d 730 (7th Cir. 2002) ....................................................6

*Adams v. City of Indianapolis*,
   742 F.3d 720,735-36 (7th Cir. 2014) ...................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................5

*Ass'n Ben. Servs., Inc.*, 493 F.3d [841,] 850 [7th Cir. 2007] ...........................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................5

*Blue Book Services, Inc. v. Farm Journal, Inc.*,
   ___ F. Supp. 3d ___, No. 18 CV 07155, 2020 WL 419405 (N.D. Ill. Jan. 27,
   2020) ..........................................................................................5

*Bridgeforth v. City of Glenwood*,
   No. 18 C 7150, 2020 WL 1922907 ........................................6

*Charleston Nat. Bank of Charleston v. Sims*,
   70 S.E.2d 809 (W.Va. 1952) ...................................................9

*Checksum Ventures, LLC v. Dell, Inc.*,
   412 F. Supp. 3d 906 (N.D. Ill. 2019) .....................................5

*Dalton v. Mullins*,
   293 S.W.2d 470 (Ky. 1956) .....................................................9

*Dragon Const., Inc. v. Parkway Bank & Trust*,
   678 N.E.2d 55 (Ill. App. Ct. 1997) ........................................9

*EOR Energy LLC. V. Ill. Envtl. Prot. Agency*,
   913 F.3d 660 (7th Cir. 2019) .................................................11

*Gerace v. Andrews*,
   227 F.Supp.3d 946 (N.D. Ill. 2016) ......................................11

*Hall v. Rowe*,
   439 S.W.3d 183 (Ky. Ct. App. 2014) .....................................8

*Hecker v. Deere & Co.*,
   556 F.3d 575 (7th Cir. 2009) ..................................................6

ii

*Hecker v. Petco Animal Supplies, Inc.*,
No. 16 C 10857, 2017 WL 2461546 (N.D. Ill. June 7, 2017) ................................15

*Henson v. CSC Credit Servs.*,
29 F.3d 280 (7th Cir. 1994) ....................................................................................6

*J.S. v. Berla*,
456 S.W.3d 19 (Ky. Ct. App. 2015) .......................................................................10

*JJK Mineral Co., LLC v. Noble Energy, Inc.*,
No. 5:16CV112, 2017 WL 2662196 (N.D.W.V. June 20, 2017) ...........................10

*Jones v. Kessler*,
126 S.E. 344 (W.Va. 1925) ......................................................................................9

*KBS Preowned Vehicles, LLC v. Reviva, Inc.*,
No. 1:13CV138, 2104 .............................................................................................8

*Kerns v. Range Resources-Appalachia, LLC*,
No. 1:10DV23, 2011 WL 197908 (N.D.W.V. Jan. 18, 2011) .................................7

*Lamb v. Light Heart, Inc.*,
NO. 2017-CA-000314-MR, 2018 WL 2070834 (Ky. Ct. App. May 4, 2018) ........8

*McArdle v. Peoria School Dist. No. 150*,
705 F.3d 751 (7th Cir. 2013) .................................................................................10

*Miller v. Reed*,
No. 18-0957, 2019 WL 5092417 (W. Va. Oct. 11, 2019), Because the WV
Action.....................................................................................................................11

*MiMedx Group, Inc. v. Fox*,
No. 16 CV 11715, 2017 WL 3278913 ............................................................10, 12

*Mueller v. Apple Leisure Corp.*,
880 F.3d 890 (7th Cir. 2018) ..............................................................................2, 6

*Pniewski v. U.S. Bank Nat'l Assoc.*,
No. 13 C 3638, 2014 WL 1052813 (N,.D. Ill. Mar. 19, 2014) ...............................7

*Post Media Systems LLC v. Apple Inc.*,
No. 19 C 5538, 2020 WL 833089 (N.D. Ill. Feb. 20, 2020).........................5, 6, 13

*Segall v. Berkson*,
487 N.E.2d 752 (Ill. App. Ct. 1985) .......................................................................8

*Taha v. International Brotherhood of Teamsters, Local 781*,
947 F.3d 464 (7th Cir. 2020) ..................................................................................9

*Tierney v. Vahle*,
   304 F.3d 734 (7th Cir. 2002) ...........................................................................................6

*Tirado v. Bank of Am., N.A.*,
   Case No. 18-cv-5677, 2019 WL 4694990 (N.D. Ill. Sept. 26, 2019) .......................................6

**Statutes**

740 ILCS 80(2) ...........................................................................................................11

28 U.S.C. § 1391(b)(2) ..................................................................................................13

28 U.S.C. § 1404(a) ...................................................................................................2, 5

KRS 371.010(6) ..........................................................................................................11

W.Va. Code 36-1-3 ......................................................................................................11

**Rules**

Fed. R. Civ. P. 12(b)(6) ...........................................................................................1, 5, 6

Fed. R. Civ. P. 12(d) ...................................................................................................6

Komatsu Financial Limited Partnership ("Komatsu"), for its Memorandum of Law in support of its Motion to Dismiss ("Motion") the Complaint (the "Complaint") filed by Kirby Land Company, Inc. ("Kirby") or, in the alternative, to transfer venue, states as follows:

## I.  INTRODUCTION

Kirby filed its Complaint in a blatant and improper attempt to forum shop and increase Komatsu's costs of collecting on a judgment entered in Komatsu's favor against Kirby by the United States District Court for the Southern District of West Virginia (the "WV District Court"). As set forth below, even after presuming Kirby's allegations are true,[1] Kirby's purported causes of action are barred for numerous reasons.  As an initial matter, Kirby failed to allege the requisite elements of an enforceable contract or that it performed under any purported "oral settlement agreement".  Further, the statute of frauds bars Kirby from seeking to enforce any "oral settlement agreement" because such purported agreement concerns the sale of real property.  In addition, any oral agreement alleged to have been entered into months before the WV District Court's judgment would be barred by the doctrine of *res judicata*.  Finally, Kirby's request for specific performance is moot, as the real property forming the subject of Kirby's request was sold the day after Kirby filed its improper Complaint.  For any of these reasons, Kirby's Complaint should be dismissed in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Alternatively, in the event this Court declines to dismiss Kirby's entire complaint, all of the elements to transfer venue to the WV District Court have been met.  The WV District Court has been presiding over the parties' dispute since October 2018, already entered judgment against Kirby and is significantly less congested.  Any further dispute between the parties is more properly litigated before the WV District Court.  Komatsu, therefore, respectfully requests that this Court

---

[1] Komatsu vehemently denies Kirby's allegations regarding any purported "oral settlement" and many other factually untrue statements.

transfer this matter to the WV District Court pursuant to 28 U.S.C. § 1404(a) in the event the Complaint is not dismissed in its entirety.

## II.     THE ALLEGATIONS

Kirby's allegations, taken as true solely for purposes of Komatsu's Motion, are as follows:

After borrowing $10 million from Komatsu in 2016 pursuant to a Term Note, Term Note Modification, Security Agreement and Deed of Trust (referred to herein as each such term is defined in Kirby's Complaint and collectively referred to herein, the "Loan Documents"), Kirby defaulted under the Loan Documents by failing to make payments to Komatsu.  (Compl. ¶¶ 6-8.) Kirby's obligations to Komatsu were secured by real property described in the Deed of Trust and located in Wyoming County, West Virginia (the "WV Property").  (*Id*. ¶ 7.)  On September 8, 2017, Kirby and Komatsu entered into a "Forbearance and Modification Agreement (the "Forbearance Agreement"), pursuant to which Komatsu agreed to forbear from exercising certain remedies under the [Loan Documents] in exchange for Kirby's performance of certain additional and/or modified obligations."  (*Id*. ¶ 9.)  Thereafter, the following occurred:

- On October 2, 2018, Komatsu filed suit against Kirby in the WV District Court alleging that Kirby remained in default of its obligations under the Loan Documents and seeking damages for breach of contract (Count I) and specific performance for access to the WV Property under the Deed of Trust (Count II).  (Compl. ¶ 10; *see also* **Exhibit A** hereto (copy of WV District Court's docket for Case No. 18-cv-01336 (the "WV Action")) & **Exhibit B** hereto (Komatsu's Complaint against Kirby));[2]

- On January 15, 2019, the WV District Court entered an Agreed Order Awarding Plaintiff

---

[2] As set forth below on p. 6, this Court can take judicial notice of the attachments hereto without converting the Motion into a summary judgment motion because (1) they are not outside the pleadings and (2) they are matters of public record.  *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (describing such review of documents on a motion to dismiss as liberal and well-settled).

Right of Entry upon Defendant's Property, which "address[ed] and resolve[d] Count 2 of Komatsu's complaint" and awarded partial judgment "for the Plaintiff, Komatsu Financial Limited Partnership, and against Defendant, Kirby Land Company, with respect to Komatsu's request to inspect and assess the Property described in the Deed of Trust . . . ." (See **Exhibit C** hereto (WV District Court Jan. 15, 2019 Order) p. 2);

- On April 16, 2019, Komatsu filed a Motion for Partial Summary Judgment (Komatsu's "Summary Judgment Motion") seeking judgment against Kirby in a sum certain on the remaining Count I of Komatsu's complaint. (Compl. ¶ 12);

- On May 3, 2019, Kirby filed its response to Komatsu's Summary Judgment Motion, contesting only the amount of damages due to Komatsu. (*Id.* ¶ 13);

- On September 12, 2019, the WV District Court held a hearing on Komatsu's Summary Judgment Motion (*see* Ex. A Docket Entry 39.);

- On September 16, 2019, the WV District Court granted Komatsu's Summary Judgment Motion (Compl. ¶ 14); and

- On December 11, 2019, the WV District Court awarded Komatsu its attorneys' fees and costs. (*Id.* ¶ 15).

Thereafter, Komatsu engaged in post-judgment collection efforts. (Compl. ¶ 16). In addition, Komatsu notified Kirby on February 13, 2020 that the WV Property "would be sold at a public auction on March 10, 2020." (Compl. ¶ 17.)

Despite the absence of any filings in (or other notifications to) the WV District Court, Kirby alleges that prior to the WV District Court (a) granting Komatsu's Summary Judgment Motion in September, 2019, (b) awarding attorneys' fees and costs in December, 2019, and (d) overseeing post-judgment collection efforts beginning March 3, 2020, Komatsu and Kirby "orally agreed [in

June, 2019] to resolve Komatsu's claim in the West Virginia case." (*Id*. ¶¶ 18 & 20.) According to Kirby, the terms of the "oral settlement agreement" between the parties were that "Kirby would make $1.0 million payments to Komatsu on July 1, 2019, and August 1, 2019" and surrender and help market the WV Property for sale. (*Id*. ¶ 20.) Kirby also alleges that it would possess a right of first refusal regarding the WV Property under the purported oral agreement, that net sale proceeds in excess of $8 million would be split between the parties, and in the event judgment were entered, Komatsu would forbear from enforcing the judgment during the "pendency/satisfaction of the terms of this oral agreement." (*Id*.) Kirby further alleges that "the parties also discussed" additional purported terms regarding "continuing and/or extending certain business relationships between and among their respective related entities." (*Id*. ¶ 21.) Notably, Kirby does not allege that it performed any of the purported oral settlement's terms and characterizes the alleged agreement as mere discussions.

### III. PROCEDURAL HISTORY AND ADDITIONAL FACT OF PUBLIC RECORD AND REFERENCED IN THE COMPLAINT

Kirby filed its Complaint on March 9, 2020 seeking (a) an unspecified amount of damages for alleged breach of the purported oral settlement agreement (Count I) and breach of the implied covenant of good faith, honesty and fair dealing under that purported settlement (Count II) and (b) specific performance of the purported oral settlement agreement (Count III), alleging that "Komatsu has made efforts to execute on the Judgment from the West Virginia action, has not provided Kirby with a right of first refusal, and is planning to wrongfully sell the [WV] Property at public auction on March 10, 2020." (Compl. ¶ 38.) Although Kirby filed the Complaint the day before the Komatsu-noticed sale of the WV Property (*Id*. ¶¶ 17 & 38), Kirby did not move for a preliminary injunction regarding such sale. Komatsu sold the WV Property at public auction "at

the front door of the Courthouse of Wyoming County, West Virginia on March 10, 2020."[3]

## IV.  LEGAL STANDARDS

### A.  <u>Motion To Dismiss Standards</u>

"A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint fails to state a claim that is plausible on its face." *Blue Book Services, Inc. v. Farm Journal, Inc*., ___ F. Supp. 3d ___, No. 18 CV 07155, 2020 WL 419405, at *2 (N.D. Ill. Jan. 27, 2020).   "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).   "Dismissal for failure to state a claim under Rule 12(b)(6) is proper 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief.'"  *Checksum Ventures, LLC v. Dell, Inc*., 412 F. Supp. 3d 906, 911 (N.D. Ill. 2019) (quoting *Twombly*, 550 U.S. at 558). Evaluating a motion to dismiss "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. (internal quotation marks and citations omitted).

### B.  <u>Motion To Transfer Venue Standards</u>

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a case to another district with jurisdiction over the matter "[f]or the convenience of parties and witnesses, in the interest of justice.  *Id*.; *Post Media Systems LLC v. Apple Inc*., No. 19 C 5538, 2020 WL 833089, at *1 (N.D. Ill. Feb. 20, 2020) (transfer is appropriate when (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses, as well as the interests of justice.). Whether to grant a motion to transfer venue is "committed to the sound discretion of the trial judge," and "the Court

---

[3] *See* **Exhibit D** Report of Successor Trustee's Sale.

considers the relevant factors in light of all the circumstances of the case, an analysis that necessarily involves a large degree of subtlety and latitude." *Post Media*, 2020 WL 833089, at *1.

### C. District Court Can Take Judicial Notice of Attachments on Motion to Dismiss Without Converting Motion Into One for Summary Judgment

> It is "well-settled in this circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Indus., Inc*., 300 F.3d 730, 735 (7th Cir. 2002) (internal quotation marks omitted); *see also Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). This rule is a liberal one—especially where, as here, the plaintiff does not contest the validity or authenticity of the extraneous materials. *Hecker v. Deere & Co*., 556 F.3d 575, 582 (7th Cir. 2009).

*Mueller v. Apple Leisure Corp*., 880 F.3d 890, 895 (7th Cir. 2018). *See also, e.g., Henson v. CSC Credit Servs*., 29 F.3d 280, 284 (7th Cir. 1994) (A "district court may [] take judicial notice of matters of public record without converting a 12(b)(6) motion to a motion for summary judgment.") (internal quotation marks and citation omitted); *Bridgeforth v. City of Glenwood*, No. 18 C 7150, 2020 WL 1922907, at *2 n.2 (on a motion to dismiss and notwithstanding Fed. R. Civ. Pro. 12(d), "courts may take judicial notice of matters of public record, such as pleadings and transcripts from a proceeding in another court"); *Tirado v. Bank of Am., N.A.*, Case No. 18-cv-5677, 2019 WL 4694990, at *1 n.1 (N.D. Ill. Sept. 26, 2019) ("The Court may take judicial notice of matters of public record, including court records, on a motion to dismiss brought under Rule 12(b)(6).").  Kirby's Complaint specifically references the WV Action, including Komatsu's initiation of the lawsuit and the court's rulings. (Compl. ¶¶ 10-17.) The few documents attached from that action, therefore, are not matters outside the pleadings for purposes of  Fed. R. Civ. P. 12(d).  Moreover, all of these documents are matters of public record.  Likewise, the Report of Sale is a public document detailing the sale of property (i.e., the WV Property) that is also referenced in, and forms the basis of, Kirby's Complaint.  (*Id*. ¶¶ 7, 17, 20, 35-39.).  As such, this Court may consider the Exhibits when deciding Komatsu's Motion without converting the Motion.

## V.      ARGUMENT

### A.      The Kirby Complaint Should Be Dismissed With Prejudice In Its Entirety

### 1.      Kirby Fails to Allege the Existence of a Contract.

Kirby's allegations, taken as true, fail to state the existence of a contract between the parties that supports its claims. Kirby fails to allege any time periods for the surrender, marketing and/or sale of the WV Property, for any purported agreement to "hold off/forbear on the Judgment", or of the "pendency/satisfaction of the terms of this oral agreement." (Compl. ¶ 20.) Kirby itself admits that the June 10th meeting did not result in any contract by alleging that "the parties also discussed continuing and/or extending certain business relationships between and among their related entities" and that any purported agreement "in principle" concerned only unidentified equipment financing at some unidentified later point in time subject to credit approval "relating to certain operations." (*Id*. ¶ 21.) Such allegations fail to contain the definitive terms necessary to form a contract under any potentially applicable law.[4] *See, e.g., Pniewski v. U.S. Bank Nat'l Assoc*., No. 13 C 3638, 2014 WL 1052813, at *5 (N.D. Ill. Mar. 19, 2014) ("The absence of sufficiently definite and certain terms in both the offer and the acceptance bars the formation of a contract. *Ass'n Ben. Servs., Inc*., 493 F.3d [841,] 850 [7th Cir. 2007] (stating that '[n]o contract exists under Illinois law ... if the agreement lacks certain terms; nor is a contract formed by an offer that itself lacks definite and certain material terms and does not require such terms to be supplied by an acceptance')"); *Kerns v. Range Resources-Appalachia, LLC*, No. 1:10DV23, 2011 WL 197908, at *5 (N.D.W.V. Jan. 18, 2011) (dismissing complaint because no contract formed and explaining that "contract formation requires a complete meeting of the minds on all material

---

[4] Kirby alleges that "the parties orally agreed to resolve Komatsu's claims in the West Virginia case" when they "met in person at Komatsu's headquarters near Chicago." (Compl. ¶¶ 18 & 20.) In addition, both the Term Note and the Forbearance Agreement are governed by Kentucky law and the Deed of Trust is governed by West Virginia law.

matters leaving nothing for future negotiations"); *Lamb v. Light Heart, Inc.*, NO. 2017-CA-000314-MR, 2018 WL 2070834, at *2 (Ky. Ct. App. May 4, 2018) (refusing to enforce a document that contained "no beginning date, ending date, definition of what work is to be done, amount of the contract, or when the terms of the contract are complete" because it was not "sufficiently complete and definite").  Because Kirby has failed to allege the existence of a valid contract, its claims are barred and dismissal of the Complaint in its entirety with prejudice is warranted.

### 2.     Kirby Fails to Allege Performance under Purported Oral Settlement.

Assuming *arguendo* that a contract exists as alleged by Kirby, Kirby failed to allege its own performance, as required in order to state a claim against Komatsu.  *See, e.g.*, *Segall v. Berkson*, 487 N.E.2d 752, 757 (Ill. App. Ct. 1985) (motion to dismiss breach of contract claim granted because Illinois law requires allegations of plaintiff's performance under alleged contract and plaintiff failed to so allege); *KBS Preowned Vehicles, LLC v. Reviva, Inc*., No. 1:13CV138, 2104 WL 125981890, at  **2-3 (N.D.W.V. Mar. 26, 2014) (dismissing complaint because plaintiff failed to alleged "that the plaintiff has performed under the contract" as required by West Virginia law);  *Hall v. Rowe*, 439 S.W.3d 183, 186 (Ky. Ct. App. 2014) ("Kentucky case law adheres to the fundamental principle in the law of contracts that before one may obtain the benefits the contract confers upon him, he himself must perform the obligations which is imposed upon him.").

Kirby has not alleged (and can never allege) that it made "$1.0 million payments to Komatsu on July 1, 2019, and August 1, 2019" or performed any of its other obligations under the purported "oral agreement".[5]  Kirby, therefore, has failed to plead an essential element of its claim.

Failure to plead performance also requires dismissal because a party in breach of a

---

[5] Notably, both $1 million payments were allegedly due ***prior to*** the WV District Court's September, 2019 judgment and Komatsu selling the WV Property in March, 2020.

contract's material terms cannot assert breach due to non-performance by the other party. *Dragon Const., Inc. v. Parkway Bank & Trust*, 678 N.E.2d 55, 58 (Ill. App. Ct. 1997) ("Under the material breach doctrine, a party to a contract is discharged from his duty to perform where there is a material breach of the contract by the other party." (internal quotation marks, alteration and citation omitted); *Charleston Nat. Bank of Charleston v. Sims*, 70 S.E.2d 809, 813 (W.Va. 1952) ("'Where the plaintiff claims damages for the breach of a contract, it is necessary to a recovery that he show that he has complied with the contract himself, or that he has been prevented or relieved from compliance by act of defendant; and, if the evidence shows that he has not complied with the terms of the contract, and has not been prevented or relieved therefrom as a aforesaid, he will be denied a recovery from the breach of same.'" (quoting *Jones v. Kessler*, 126 S.E. 344 (W.Va. 1925)); *Dalton v. Mullins*, 293 S.W.2d 470, 476 (Ky. 1956) ("[T]he party first guilty of a breach of contract cannot complain if the other party thereafter refuses to perform.... [H]e who first breaches a contract must bear the liability for its nonperformance.")

According to Kirby, the benefit to Komatsu of the alleged oral agreement was that Komatsu would receive $1 million on July 1, 2019, $1 million on August 1, 2019 and "immediate" possession of the real property, yet its complaint fails to allege that it performed or even attempted to perform these obligations. Moreover, the Court cannot infer the critical fact of Kirby's performance from the allegations of the Complaint.

> When a complaint's facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. That means a complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.

*Taha v. International Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) (internal quotation marks and citations omitted). Several times in the Complaint Kirby alleges

what it promised to do, but never what it did, and such omission does not permit this Court to infer "more than a mere possibility" of liability or that Kirby is entitled to relief.

Kirby's Count I claim is barred because Kirby can never allege performance under any "oral agreement", and Kirby's Count II claim (breach of implied covenant inherent in such contract) and Count III claim (specific performance of such contract) necessarily fail as well as both are dependent on a breach of contractual terms. Kirby's glaring and incurable pleading deficiency provides another basis to dismiss Kirby's Complaint with prejudice in its entirety.

### 3. Neither Breach of Implied Covenant of Good Faith and Fair Dealing Nor Specific Performance Can Cure Kirby's Pleading Failures Nor Create a Stand-Alone Cause of Action.

Aware that there are no facts to demonstrate that Kirby performed under the alleged oral agreement, Kirby contends that Komatsu nevertheless had a good faith obligation to perform its obligations. This claim, and any similar legal argument, fail because the contractual obligations of good faith and fair dealing do not alter the terms of the underlying agreement nor are they separate obligations. *See, e.g., McArdle v. Peoria School Dist. No. 150*, 705 F.3d 751, 755 (7th Cir. 2013) ("The obligation of good faith and fair dealing is used as an aid in construing a contract under Illinois law, but does not create an independent cause of action."); *JJK Mineral Co., LLC v. Noble Energy, Inc.*, No. 5:16CV112, 2017 WL 2662196, at *2 (N.D.W.V. June 20, 2017) (dismissing breach of duty of good faith and fair dealing because West Virginia does not recognize it as a "stand-alone claim" and it is duplicative of breach of contract claim); *J.S. v. Berla*, 456 S.W.3d 19, 25 ("violation of the good faith covenant alone does not give rise to an independent cause of action") (Ky. Ct. App. 2015).

Likewise, because specific performance is a remedy for breach of contract and not an independent equitable action, Kirby's inability to plead the existence of or performance under any contract bars any such requested relief. *MiMedx Group, Inc. v. Fox*, No. 16 CV 11715, 2017 WL

3278913, at *5 *N.D. Ill. Aug. 2, 2017).

### 4. Statute of Frauds Bars Kirby's Alleged "Oral Agreement".

Kirby's claims are also barred by the statute of frauds. According to Kirby, the parties' "oral agreement" provided Kirby with a right of first refusal regarding the sale of the WV Property in addition to an agreement regarding how the sale proceeds would be split if Kirby failed to exercise its right of first refusal. (Compl. ¶ 20.)  The statute of frauds, however, bars all claims arising out of an oral agreement concerning the sale of real property.  *See* 740 ILCS 80(2); KRS 371.010(6); W.Va. Code 36-1-3.  For this additional reason, dismissal with prejudice is warranted.

### 5. Any Purported "Oral Agreement" Is Barred by *Res Judicata*.

Assuming for the sake of argument that any of the above bases for dismissal with prejudice did not exist, Kirby alleged that the purported "oral agreement" concerning Komatsu's claims occurred on June 10, 2019, ***after*** Komatsu filed its Summary Judgment Motion ***but substantially prior to*** the WV District Court entering judgment in Komatsu's favor on September 16, 2019. (Compl. ¶¶ 14-16; 18-22).  Although Kirby's allegations regarding any purported oral agreement strain credulity and Kirby would have breached such agreement if it existed by failing to make  the purported payments required thereunder or otherwise perform, Kirby failed to raise such "oral agreement" prior to judgment being entered against it and is thus barred from doing so now.  *See Miller v. Reed*, No. 18-0957, 2019 WL 5092417, at *2 (W. Va. Oct. 11, 2019) (res judicata elements are (1) final judgment on the merits by court with jurisdiction, (2) same or similar parties, (3) identical cause of action or one which could have been resolved in prior action if presented).[6]

---

[6] Because the WV Action was based in diversity jurisdiction, the law of the state in which the rendering court sits governs *res judicata* standards.  *Gerace v. Andrews*, 227 F.Supp.3d 946, 950 n.5 (N.D. Ill. 2016).  The result would be no different, however, if federal or Illinois *res judicata* standards apply.  *See Adams v. City of Indianapolis*, 742 F.3d 720,735-36 (7th Cir. 2014) (federal *res judicata* elements are: (1) identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits"); *EOR Energy LLC. V. Ill. Envtl. Prot. Agency*, 913 F.3d 660, 664 (7th Cir. 2019) ("Illinois

Here, the exact parties to the WV Action are parties to this action, this action is merely an attempt to stop Komatsu from enforcing the same rights that supported its judgment in the WV Action, and final judgment on the merits exists because the WV District Court disposed of the last remaining Count in the WV Action when it granted judgment on Count I of Komatsu's complaint. Indeed, underscoring *res judicata* as a bar here, the first nine paragraphs of Kirby's Complaint are substantially identical to Komatsu's complaint against Kirby. To the extent that Kirby believed it had *any* defense to Komatsu's claims, it was charged with raising that defense in the WV Action or be barred from doing so later. Not only did Kirby fail to raise any purported settlement as a defense in that action prior to the WV District Court entering judgment (at least three months after the purported oral agreement), Kirby further failed to do so in response to Komatsu enforcing its judgment against Kirby. Instead, Kirby improperly filed this lawsuit in this Court seeking a "do-over" of the claims that have already been litigated in the WV Action. For these additional reasons, Kirby's Complaint should be dismissed with prejudice.

**6.     Count III Is Moot and Duplicative of Breach of Contract Claim.**

Although Kirby's Complaint should be dismissed in its entirety for the numerous reasons set forth above, Count III also should be dismissed because Kirby's request for specific performance is (a) moot as a result of Komatsu selling the WV Property (*see* Ex. D) and (b) not a stand-alone cause of action and is duplicative of its failed breach of contract claim. *MiMedx*, 2017 WL 3278913, at *5.

**B.     In The Event This Court Declines To Dismiss Kirby's Complaint In Its <u>Entirety, This Lawsuit Should Be Transferred To The WV District Court</u>**

---

applies claim preclusion when the original state court rendered a final judgment on the merits; the claims arise out of the same nucleus of fact; and the parties are identical. This blocks parties not only from re-litigating the issues the state court actually entertained; it also bars litigation of any theory that could have been raised.") (citation omitted)

To the extent this Court declines to dismiss Kirby's Complaint in its entirety, transferring venue to the Southern District of West Virginia (where the parties have litigated against each other since October 2, 2018 and where that Court continues to preside over Komatsu's collection efforts) is appropriate.

### 1. Venue Is Proper in the WV District Court.

Komatsu does not contest that Kirby alleged venue in the Northern District of Illinois. In addition, Kirby cannot legitimately contest that, assuming the truth of its allegations, venue is also appropriate in the WV District Court. Kirby's allegations concern Komatsu's enforcement actions taken against Kirby in the Southern District of West Virginia, including selling real property located in the Southern District of West Virginia and enforcing a judgment entered in the Southern District of West Virginia. As such, the WV District Court is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

### 2. Convenience Factors Favor Transferring Venue.

"In assessing the convenience of the parties, courts consider: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties and (5) the convenience of the witnesses." *Post Media*, 2020 WL 833089, at *2 (internal quotation marks and citations omitted). While courts give deference to a plaintiff's choice of forum, that deference is "substantially reduced" when the plaintiff does not reside in its chosen forum. *Id.*, 2020 WL 833089, at *2. As alleged by Kirby, Kirby "is a for-profit corporation, organized and existing under the laws of the State of West Virginia with its principal place of business located at 216 Lake Drive, Daniels, West Virginia."[7] (Compl. ¶ 1.)

---

[7] Daniels, West Virginia is also located in the Southern District of West Virginia.

Hence, Kirby's choice of forum is not a factor weighing in Kirby's favor. In addition, the situs of material events is in the Southern District of West Virginia. Although Kirby alleges that a single meeting occurred "near Chicago,"[8] every other alleged material event has taken place in the Southern District of West Virginia. Specifically, Kirby alleges that Komatsu breached the purported "oral agreement" in the Southern District of West Virginia by "proceed[ing] to collect on the Judgment it obtained in the West Virginia action" and intending to hold a public auction of the WV Property (which auction was in fact held in the Southern District of West Virginia). (*Id.* ¶ 26; Ex. D.). This factor, therefore, also falls in favor of transfer, as do the remaining factors.

Because the parties have been litigating in the WV District Court since October, 2018 and Komatsu continues to pursue collection in that Court against a West Virginia entity residing in the Southern District of West Virginia, access to sources of proof and the convenience of the parties and witnesses all favor the WV District Court. There is simply no reason why parties that have been litigating before the WV District Court for a significant period of time, and before which Komatsu *continues* to enforce its rights against Kirby (which is the gravamen of Kirby's Complaint), should be litigating in a judicial district where one meeting is alleged to have occurred.

### 3. Interest of Justice Factors Favor Transferring Venue.

Like the convenience factors, the interest of justice factors weigh heavily in support of transfer, if not more so.

> The interest of justice element reflects concern for efficient administration of the court system, including factors such as docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy. The interest of justice element may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result.

---

[8] Compl. ¶ 18.

*Hecker v. Petco Animal Supplies, Inc.*, No. 16 C 10857, 2017 WL 2461546, at *4 (N.D. Ill. June 7, 2017) (internal quotation marks and citations omitted). In addition, where an earlier-filed action substantially overlaps with the later action, the location of the first-filed action is relevant to the transfer inquiry and transfer to the district of the earlier action "comports with the efficient administration of justice." *Id*. at **3, 5.

Here, there is no question that the WV District Court is the first-filed jurisdiction. The WV District Court is also familiar with the parties and the proceedings that occurred and are still occurring in that Court. Further, the WV District Court has an interest in presiding over claims that directly impact the WV District Court's enforcement of its own judgment. Finally, the Southern District of West Virginia is significantly less congested than the Northern District of Illinois. Specifically, while the Northern District of Illinois had a total of 13,747 civil cases pending as of December 31, 2019 (12,497 of which were by private litigants), the Southern District of West Virginia had only 4,109 civil cases pending at that time (with only 3,374 between private litigants).[9] The interest of justice factors, therefore, also support transfer.

## VI. CONCLUSION

For the foregoing reasons, Komatsu respectfully requests that this Court dismiss Kirby's Complaint in its entirety and with prejudice. Should the Court decline to do so, however, Komatsu respectfully requests that this lawsuit be transferred to the WV District Court.

Dated: May 7, 2020      Respectfully submitted,

           KOMATSU FINANCIAL LIMITED PARTNERSHIP
           By:  /s/ Arlene N. Gelman
              One of Its Attorneys

---

[9] *See* https://www.uscourts.gov/statistics/table/c-1/statistical-tables-federal-judiciary/2019/12/31 (Table C-1. U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Period Ending December 31, 2019).

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that she caused copies of the foregoing

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** to be served upon:

Richard A. Getty
The Getty Law Group, PLLC
The Offices at City Center
100 West Main Street, Suite 200
Lexington, KY 40507
rgetty@gettylawgroup.com

Louis David Bernstein
The Bernstein Law Firm, LLC
350 N. Clark Street
Suite 400
Chicago, IL 60654
lbernstein@bernsteinlawchicago.com

via the Court's CM/ECF system and U.S. Mail on this 7th day of May, 2020.


/s/  Arlene N. Gelman